210-498, people say they're going away, v. Esteban Martinez, on behalf of the Appalachian State, v. Scott Jacobson, for v. Martinez, bearing your order, the Appalachian State. Thank you, Mr. Jacobson. Court of the Hours. Morning. Morning, Counselor. May it please the Court. Your Honors, we are here appealing the trial court's order directing out this case, entering a judgment of acquittal for the defendant. Your Honors, essentially, as you know, there are no appeals for true acquittals. However, the order entered in this case is not a true acquittal, and as a result— So you're saying it was acquittal in form and not in substance. Absolutely, Your Honor. The trial that occurred below, and I do not use this term lightly, was in fact a sham. The State made every effort that it could on the record to obtain the witnesses in this case. As you can see from the common law record, from the date of indictment, and then from, obviously, the date in which this trial occurred, obviously, this case had been lingering on the King County docket for a long time. However, that doesn't indicate diligence, necessarily, on behalf of either party. When you look closer at the record, though, you see when the defendant's speedy trial demand was filed, two years after the case had been indicted. You see a number of continuances obtained on behalf of both parties. You see a number of by-agreement continuances. And you see that on the date of trial, the people had made every effort to secure two difficult witnesses. When did the appellant file a speedy trial demand? I believe it was in September of 2008. And as of the date of the trial, how many days had it proved? I believe that from, it's not my math, but I believe that there were about 10 to 12 days left before the speedy trial expired. Okay, so there was a continuance and he objected to it? What would have happened? Would there have been continued for 10 or 12 days and then he would have been subject to dismissal? Or was there an a motion that would have entitled the state to come in and claim that based on due diligence there should be an added time period? I'm a little bit confused around when you say a continuance. At the morning of trial, prior to the jury selection, both parties came in and made attempts to continue the case. They made motions to continue. The defendant asked because the defendant had arrived yet. Correct. He did arrive. He moseyed on in about 10 30. Those motions were both denied, but later on he showed up and then the state made a motion and he didn't. Did he object to the motion and say, I want to go to trial? The defendant? Yes. The defense objected to the state's continuance at that point? Yes. So it would have been a motion state continuance? Yes. So if we send it back, it'll start with about 10 or 12 days left, is that right? On the speedy trial clock, yes. Counsel, let me ask you an overarching question. Sure. Is the trial court powerless to control its backing and bring a case? Absolutely not, Your Honor. How long is the court supposed to continue cases? Respectfully, the court should continue a case, so long as the parties are exercising due diligence, the court should continue the case until either there's wanted prosecution in the case or the speedy trial clock expires. Doesn't five years strike you as a long time? Five years always strikes me as a long time for a case. However, if the defendant thought it to be truly a long time, the defendant would have either, A, complied with the conditions of his bail bond, which if you do review the record, the record reflects the defendant was out on two bond forfeiture warrants for separately, there were about six months, so the defendant was out for about a year total in this trial, or pretrial, I should say. So that's a year right there. So how much of that are we making? There were also continuances for purposes of plea discussions. Correct. And then there were also a number of continuances for defendants to switch between private counsel and public defender's office. So what should the trial court have done here? Well, on the day of this supposed trial, I believe what Judge Sheldon should have done, I believe what the trial court should have done was entertain the state's motion for continuance. I mean, it wasn't the day of the expiration of the speedy trial. It wasn't even the day before the expiration of the speedy trial. I mean, this wasn't a situation where there was a... So you deny the state's motion to continue. The witnesses, the state's witnesses are not there. What happens then? You say you should have moved on the state's motion. Okay, then what happens? Deny it. Okay. What happens? I respectfully, nothing else could have happened. I mean, you have a jury, right? And first of all, I mean, just a brief word on the jury's question. We're not slurring in the jury. I mean, that's a little bit unusual. You know, you have an argument there that has some superficial appeal. I'm glad that didn't go unnoticed. You got it. The trial judge is frustrated. The case is continuing indefinitely. The state's motion to continue, can't find our witnesses for the umpteenth time. What's the judge supposed to do? Just say, okay, you know. I think a continuance for 24 to 48 hours would not have been unreasonable. And then if he can't get the witnesses, then what? Another continuance until the expiration of the speedy trial law. I mean, the speedy trial statute is there for a reason. And respectfully, I mean, if this were the situation where the defendant had filed the speedy trial demand back when the indictment was issued, then the fact that this were a five-year-old case would certainly be relevant. So the speedy trial demand was unfiled, so really you're sort of suggesting the trial judge really sort of jumped the gun and it was another way to end up with the same result. Correct. Your argument is that the trial judge should have complied with 114.4 and granted a continuance because the state had shown due diligence. Well, when you say 114.4, though, I just want to be clear. I do believe that he should have granted a continuance. I do not believe, as the defendant suggests in his second argument, that we should have, or that the trial court should have treated this somehow as a motion under 114.4E to dismiss for want of prosecution, for which there's absolutely no authority for doing that. Well, he would have had to grant a continuance before he could get to 114.8. Correct. I don't think that we're – So he didn't take the first step. Right. And it wasn't a written motion and there wasn't a hearing on due diligence. We're just – it's a whole different kettle of fish. But the record does show that at least one of the two witnesses was under subpoena and had been held in. Actually, both of them had rules to show cause issued on them and they had both shown up the week prior. I can tell you that they were both scooped up several days later. So, I mean, it wasn't that – That's not in the record. That is not in the record. I mean, the statement, though, made by – the statement made by the trial court that these are notorious criminals who should easily be able to be located, that just isn't an obvious conclusion. I mean, the fact that they are notorious criminals doesn't necessarily lend itself to the fact that, you know, they should be able to be grabbed at any – at the drop of a hat. They were actually quite – They're so notorious, they're very hard to find. That is correct. That's possible, is it? It is. In fact, that was the case. Otherwise, they wouldn't be notorious if they got caught so easily. I think celebrity has nothing to do with their ability to be located. Should there be an exception to the rule where Jeopardy! has not attached because the state doesn't participate in the trial? Should there be an exception where the state, according to the defense, their brief, the state was playing games by participating in jury selection? Well, I don't believe – respectfully, I think that exception already exists. I mean, if you look at the Dean's line of cases, if you look specifically at Harris, and then there's a case inside of Edwards, which is People v. Delcart, which talks about the United States Supreme Court principals addressing this, that exception already is there. I mean, Harris in particular talks about this situation, but if the trial court was so adamant about picking a jury at that particular time, the state had to be involved in jury selection. I mean, otherwise, if the state said, we refuse to participate when it comes time to trial, and we refuse to participate in jury selection, then the state would have, unfortunately, been put in the position where they had a jury that was picked entirely by the defense. Well, the state could have said, judge, we've asked for a continuance. 114.4 guarantees us a continuance, even if there's been a lack of diligence. And then stand on the motion for continuance and not participate in jury selection. Couldn't the state have done that? Well, I mean, clearly, respectfully, Your Honor, 114.4 doesn't guarantee the state a continuance. It says the court shall continue it for 14 days before dismissal? Correct. But if you look at the transcript, the state, respectfully, does not guarantee anything about the trial court. I'm talking about the state didn't cite the statute. No one did. Okay. But, I mean, what I'm saying is, if you look at the record, the record clearly indicates, and there are a number of proceedings held outside the presence of the jury, outside the presence of the court reporter. I mean, it was very clear to the state in this case that the trial court was picking a jury, and it was set for trial that day, and there was no backing down from that. If the court had set the, granted the continuance, but said 14 days instead of 10 or 12, would that have been considered improper? It depends on whether or not the defense agreed to it. Well, my point is, if it's continued past the speedy trial time, it accomplishes the same result. No, I see what you're saying, Your Honor. It's just whether or not, whether or not it would have violated speedy trial, the defense's right to a speedy trial, depends entirely on whether or not it was by agreement continuance or whether or not, actually, I guess the trial court... Well, my point is, assuming that the state was entitled to a continuance as a matter of right, it probably should have asked for a continuance... Oh, I see what you mean. ...within the speedy term time, because if it asked for a continuance outside of the speedy term time, the state loses... Well, fortunately, I see what you mean. Fortunately, that situation is not presented directly by this case. However... Why isn't it? Because I thought this individual objected to the continuance that they asked for. Wait, wait, wait. You lost me there. The defendant originally asked for continuance in the morning. It was denied. Correct. He came and showed up late. Right. He went to trial. He didn't say, because the state didn't ask for continuance, because it went to trial. So there was no reason for the defendant to say, I object, I want a speedy trial. He was getting a speedy trial. But if the state had asked under the statute cited by Justice Burkett, and the trial court had granted the continuance at that time, it would have gone beyond the speedy trial time if he had granted 14 days. So the grant of a continuance would only have been reasonable if it was for less than the speedy trial term. Correct. I don't disagree with you there. But that's not necessarily the situation that was presented here. What was presented here that doesn't fit what my scenario suggests? You're talking about a continuance for more time than was left on the speedy trial clock. And what I'm saying is, that was not the request of any of the parties in this case. So what was the request at the time? The request here was for a continuance, and apparently it was... Did it specify any dates? The state asked for continuance to what date? The written motion... The written motion doesn't specify an amount of time. It was made clear to the state, off the record, that no continuance would be granted for any amount of time. Then back on the record, at about 1030... How do we know this if it's off the record? You don't know it off the record. I'm merely telling you that. But when you look back on the record... When you look back on the record, at about 1030, ASA Kriegmer says, essentially, look, we still haven't located our witnesses. Jeff Sheldon says, well, I'm willing to continue until 130, but if that's not going to help, then you can either go to trial or just miss the case. Let me ask you, you've read the Deems case. I mean, that's one of the earliest cases on this issue of charged in jeopardy. When I read the Deems case yesterday, I mean, it alluded to... And then I pulled some other cases. It alluded to there's a limitation on this issue. Do you know what specifically the limitations are on the state continuing to ask for continuances? Yes. It would be for vexatious prosecution. It would be the limitation. But that is not the situation that is presented here. I think there's also... I think there's a reference in the Deems line of cases, but all of this is occurring under the backdrop of the Speedy Trial Act as well. Would the 14-day opportunity for continuance arise after the jury had been sworn and the first 10 of the 12 witnesses that the state had had testified, and now they were looking for Butch Cassidy and the Sundance Kid, and they couldn't be found, and so then the state asked for continuance to... Now, they would be notorious, really. Yes, they would be, but they'd also be dead. But be that as it may, they would probably not testify favorably. Would the state have the opportunity to then move for continuance after Jeopardy Attached, alleging that these two witnesses were unavailable? I believe so, yes. Would there be, because the trial had started, would there be some additional factors that the state would have to establish in order to get the continuance? Or would those factors have been evident or extant in the situation regardless? I'm not sure. Again, this is sort of the what else could have been said, what else could have been done differently. I'm not... I mean, respectfully, Your Honor, a lot of things could have been said or done differently, or if the situation was done differently, it could have been handled differently. I'm suggesting that on this record, given this situation, the backdrop of which was the speedy trial clock with about 10 days left, a continuance for a little bit more time to locate these two witnesses was not unreasonable. All that being said, frankly, the trial that occurred here was a sham. Jeopardy had not attached. It's a dismissal? Yes. Without a reason basis? This is correct, Your Honor. Thank you. Thank you. You'll have an opportunity to make rebuttal. Thank you, Your Honor. May it please the court, counsel, Darren Miller on behalf of the defendant, Apelli Esteban Martinez. Your Honor, the defendant was acquitted of the two charged offenses, mob action and aggravated battery. So the state is seeking an exception, and that exception is that this was a sham trial. Do you recognize the exception? Yes. There is an exception for sham trial. However, Mr. Jacobson does not cite the definition of what a sham trial is, which is from Deans, and I would like to point that out to the court. This is a quote from Deans. A sham trial is a quote, an artifice employed by the trial judge to achieve the result of a dismissal with prejudice for wanted prosecution. So in order to determine whether a trial is a sham, you don't look at whatever troubles the state has. You're looking at the intent of the judge. And it's whether the judge is creating some type of making a mockery of the judicial system and putting on essentially a fake trial in order to get the defendant acquitted. And that is absolutely not what happened in this case. Let me ask you this question. The trial court, when the state said, Judge, we are not participating in this trial, we are asking for a continuous, and the judge then said, and I think you can correct me if I'm wrong, the remark was, we'll see how that goes. Is that what the record shows? I don't remember that exact quote, Your Honor, but I think it's really important because I know Mr. Jacobson's hopping in in the middle of this. But the original brief by the state gave an incomplete version of the facts. And I think that this is carried on even throughout this argument. And if I could go over what the pertinent facts are. The issue here is whether this was an artifice employed by the trial judge to achieve a dismissal for wanted prosecution. So that's what makes it a sham trial. If it's not a sham trial, the defendant's acquitted. Well, that's true. We can agree on that. So tell us why this was not a sham trial. Well, if you look at what happened, what the state did and what they did not do, this matter was set for jury trial. So the state comes in and asks, not for a continuance, but they ask for a continuance quote even for just a few moments to see if its witnesses are here. And so then the judge is like, well, look, this case has been going on for a really long time. We're not going to continue this forever. And it made a recommendation. And the recommendation was, here's what we're going to do. We'll start with trial, we'll pick a jury. And then after the jury's been picked, or before the jury's been sworn, I will give you an opportunity to move to either, to move to dismiss the cases, in which case they could have reinstated the charges and they would have picked up on the speedy trial time. Or continue with the trial. And so what does the state say? Do they object? No. Do they file, do they come in and file a written pre-trial motion for continuance before trial? No. What they do is they say, yes, we're going to show up. So at that point, yeah, nothing's going wrong yet. But they agreed to this procedure. What about the fact that the trial judge, at the point in the morning when this conversation was taking place, abused his discretion by saying the case is going forward, even in the absence of the defendant, doesn't 115.4.1 require a state request for trial under those circumstances to try the defendant in absentia? Which is what the trial court told the parties he was going to do. Isn't that an abuse of discretion at that point in time? That he abuses discretion by ordering the defendant to go through this procedure? Right. Answer my question. Was that an abuse of discretion to order the defendant to go to trial without a lawyer in the absence of a request by the state to proceed to trial in absentia where the state would have had to make a showing that the defendant was purposely trying to avoid trial, which they may have been able to do given his earlier flight. But that didn't happen. Shouldn't the court at that juncture have said, I'm going to give both parties a continuance? But Your Honor, the state didn't ask for a continuance. That's the point. The defendant asked for, the defense counsel asked for a continuance. And the state did not join in that motion. The state agreed to this procedure, the procedure that was employed by the trial court. We talked in the last case about invited error. This is a classic case. My point of my question is this. In response to Judge Hudson's question, in determining whether or not this was a sham, don't we have to look at the entire record of what took place? Yes. And what the judge was doing with this case? Yes. Forcing the parties to go to a trial that neither party was ready for. The defendant, because he wasn't getting a ride yet. And the state, because of two material witnesses, under subpoena, under an order to appear, had not shown up yet. But Your Honor, I think, respectfully, you're losing sight of the definition of what a sham trial is. Now bring back that definition again. It's an artifice employed by the trial court to achieve the result of dismissal with prejudice for one prosecution. So essentially, the state has to establish, to show that this is a sham trial, that the judge was on the defendant's side. That the judge put this matter for trial with the sole purpose of getting the defendant acquitted. But there's nothing in the definition that says the court has to make a finding that the judge was on the defendant's side. If a judge is forcing a case to trial, where he should not be forcing a case to trial, and a party says, I'm not participating, that is a sham, whether it benefits the defendant or the state. Correct? That is not correct. I mean, the case law can develop that way, but under people versus deans, what makes it a sham trial is when it's an artifice employed by the trial judge to achieve the result of dismissal with prejudice. Here's where I think the rubble is going back and forth. You're saying that initially, when the court made the suggestion of this admittedly unusual procedure, at that point, at least, arguably, it would have worked out had the defendant shown up and the witnesses shown up, okay? But at some point, doesn't it arguably become a sham trial? When the court starts the trial and the state announces they are not going to participate, they have no witnesses, why isn't it, at that point, a sham trial? What can possibly happen if there are no witnesses? Because, first of all, there were witnesses. There were ten witnesses. The state had eight witnesses. The trial, you cannot look at this thing with blinders and pretend, oh, well, everything that happened up until the state said we're not participating in this. If the prosecution isn't participating in the trial, what kind of a trial is it? The state said they were not participating only after the jury had selected, only after they had already participated. They had already participated in jury selection. When is jeopardy attached in a jury trial? Jeopardy attaches when the jury is sworn. But the trial begins when? If there's no jeopardy. There was jeopardy. Jeopardy attached, the jury was sworn in this case. Jeopardy attaches when the jury is sworn, but not if the state's not participating. If he was not ever truly in jeopardy, jeopardy never attaches. That is not, that, with all due respect, that is not the law. The state's participation, the state just can't come into court. They couldn't just, for example, they couldn't come into this court and Mr. Jacobson would stand up and say, I'm not participating. And then your honor would declare, oh, this whole proceeding is a sham because the state's not participating. I mean, this isn't a trial, this isn't a court. The same would apply, the same would apply down there. You have to look at what the definition of a sham trial is under Deans. And that is what, and that, I'm sorry. What about the people versus ailment? Um, what was that case, your honor, I don't recall. That was where a judge was on the tape. And the defendant was acquitted of the murder. And because the defendant was never truly in jeopardy, he was allowed to be re-indicted and convicted and prosecuted. But, your honor, the defendant here was in jeopardy. First of all, this procedure occurred over the defendant's objection. They picked the jury trial. This was strategy by the state. This very well could have broken the opposite way. The defendant might not have appeared and the state's witnesses would have appeared and they would have been more than happy to have gone forward. But if the state presented no evidence, how could the defendant legitimately be in jeopardy? It doesn't matter if the witness is not. If the state doesn't present any evidence, how can the defendant be in jeopardy? That's the state's choice as to whether it presents a case, your honor. If the state wants to step up and not present evidence, the defendant's in jeopardy once the jury's sworn. And if the state doesn't want to present evidence, that's on them. The only exception to this is if it's a sham trial. It sounds to me like what you're saying is you measure sham by up to the time that the jury is sworn in. And if what transpires before the jury is sworn in is a sham, then the fact that the state doesn't participate doesn't make it a sham, regardless, because jeopardy is attached. But if what has transpired up to the time the jury has been sworn was a sham, then the fact that the state doesn't participate or does participate doesn't necessarily indicate that, quote-unquote, if they ask for continuance later on, that you shouldn't bring it. Well, I think you look at whether the trial itself is a sham or not. And you consider what happened leading up to the trial as evidence as whether the trial, in fact, is a sham or not. You can consider it as relevant at some point. Again, when does it become a sham? I think you have a high hurdle when the state says we're not going to be involved or present any witnesses. How do you have a criminal trial where the state is not involved in the trial? But the state isn't in total control of this. They had already agreed to this procedure. And to whatever extent there's error, they invited it. Over the defendant's objection, they agreed once the jury was picked to either dismiss the cases or to go forward with trial. So what did they do? Did they dismiss the case? No.  Would you have a much more compelling argument? Yes, they did, as far as they selected the jury. Did they call in the witnesses? No. You'd have a much more compelling argument, I think, if the facts were the state took a gamble, started the trial, called a witness, couldn't find the notorious people, and then said we want to get out of here. Then I think your argument would be much more compelling. But before the trial actually commenced, we're not talking about the jury selection, before the first witness was called to the witness stand, the state had announced had they not, they can't proceed, were not participating. Well, it didn't announce they can proceed, it announced they were not participating. Oh, okay. So the defendant's in risk of a criminal conviction with no state witnesses. They had, again, they had eight witnesses there. The trial judge, in fact, if anything, if you look at the definition of what a sham trial is, which is an artifice employed by the trial judge to achieve the result of a dismissal with prejudice for want of prosecution, it's exactly the opposite. The judge from the get-go was doing everything he could for the state to get this. Well, what was the trial judge trying to accomplish, using your definition, when he knows the state isn't going to participate in the trial? What's going to get accomplished? Isn't that going to result in a dismissal? He didn't know at the time, when the state agreed, when he recommended this procedure, there was no knowledge, and he gave them the option. After the jury was selected, he didn't say, I'm going to force you to go to trial. He said, look, after the jury's selected, you step out, see if your witnesses are here, and you can move to dismiss. And that's what the state should have done. The state should have moved to dismiss. But instead, the judge did the very procedure that they agreed to. Would a sham have been more evident if the state had moved to dismiss and he would have denied it? Oh, certainly. Would it have made this a sham? For example, the state would have come in right from the get-go and said, Your Honor, our material witnesses are not here. It's before trial. Here's our motion to continue. There are no material witnesses. And if the judge denied, I don't care, this is going to trial today, call your witnesses. We object, Your Honor. We don't have witnesses. We're not participating. Too bad, motion, direct averted, granted. That's a sham trial. What happened here? Should we at all be involved in second-guessing which procedure the state in its discretion chooses, whether it be a motion for continuance because the defendant has speedy trial rights or a motion to dismiss where the state might run the risk of never getting the defendant to trial in time? The state's put in a box, so they decide to move for continuances. Isn't that really also a reasonable inference of what took place here? Sure. I mean, if they won a box, they should have just presented a pretrial motion. They should have objected to this procedure. All the state had to do was say, Your Honor, I'm sorry. We're not going to go through this trial and pick a jury and hope that our witnesses show. And then when the jury's been selected either to dismiss or continue with trial, we don't want to take that chance. They very easily could have objected. And again, this is invited error. They cannot complain about the very procedure that they invited. There were lots of different ways that the state could have gone about this. And this was strategy. And it was pure, simple strategy. The defendant wasn't there. The defense didn't want to go to trial. These two missing witnesses, you keep talking about the other witnesses. These were the pivotal witnesses because they were the alleged victims, correct? Well, I know that they were the alleged victims. I don't know. For all I know, the other eight witnesses were all eyewitnesses. And I don't know how material they are. Well, they were the victims. Yes, yes. And again, if they were material witnesses and if they would have filed a proper motion before a trial, I would have no qualms. This case involved gang evidence and there was also a gang element to this prosecution, correct? I believe that's the case. And the state obviously was diligent in trying to get their witnesses. They subpoenaed them. Moves to show cause were issued. Those witnesses were ordered to appear that day, correct? Yes, they were ordered to appear. But I don't know what they did after that. But yeah, I'm not even alleging a lack of diligence. My point is that if they had due diligence and if the witnesses weren't there, the proper procedure would have been to come in with a written motion to continue and objected to this procedure. And in order to find this a sham, you have to find that Judge Sheldon created some type of mockery of his courtroom and conducted a sham designed to acquit the defendant. And that is not what went on in this case. So with that said, as the beeper went off, I'd ask that you affirm the acquittal. Well, I have one more question before you leave. Assuming that it was a sham, was the denial of the motion to continue an abuse of discretion? Well, I guess it depends on how a grounder would want to look at this. And I think Justice Burkett was correct as far as that 114. Well, my question to you is, what was the length of time that was requested, if you know it? Frankly, I don't recall the amount of time. Was it one day, four days, 10 days, 12, 14? I do not have the motion. My recollection was it didn't indicate a length. So if it didn't indicate a length, how could they state, in your opinion, make a claim that it should have been granted the motion to continue when it didn't have a length of time for the trial court to determine whether or not it was reasonable or not? Well, I would agree with that. And I would also, if the state is correct, it would have been 10 to 12 days. Well, you said you would agree with that. I didn't ask the question if you would agree with me. I asked what would your position be. That by not putting, that the amount of the date should have been put in the motion. See, I'm not necessarily suggesting to you that that is what I think would have been reasonable. I'm saying that's what I think the record reflects. Right. I have no other questions. Anybody else? Thank you. Just for the record, I am going to participate in remodeling. If you look at C-99 of the record, it shows that the state tendered a witness list of 10 witnesses for this case. Two of them were our renegade missing witnesses. One of them was a doctor who treated the two renegade witnesses. And seven of them were police officers. Now, according to the defense, and apparently Judge Sheldon, we should have called those other witnesses and had them participate in the trial. That, of course, assumes that they were present in the courtroom at the time that the state was supposed to be presenting its case. And we don't know that. We don't know that from the record. Now, I can't tell you candidly that they were not in the courtroom at that particular time. But that doesn't matter. The point is that in the record, there's no evidence that there were any witnesses that were present at the time. It could be hypothetically that they were out looking for our two fugitive missing witnesses, since these police officers were all members of the Elgin Gang Task Force and happened to know where they likely might be. Now, as to the issue of dismissing the charges, Judge Sheldon, the trial court, was the one who basically said, I'll give you 10 minutes, bring in your witnesses, or move to dismiss your case. The issue of dismissing the case is entirely illusory. As everybody here has noted, this case was more than five years old, and in the state of Illinois, we have a statute of limitations. If the state had dismissed the case, it could not have re-indicted, because the statute of limitations would have precluded us from doing it. The pending charge tolls the statute. Well, as far as I know, that was at least the position that the state was operating under at the time, was that they could not have brought these charges again. And that was the position that the state was told by the trial court at the time as well. So, the idea that we could have dismissed the charges and then brought them again, that's the box that the state was operating in at the time. I ask Mr. Miller, what was the length of time that the motion for continuance requested? Do you have knowledge as to what the length of time was? I think the request originally was, the early morning request was for a couple of hours to try and locate the witnesses. Then, at about 10.30, as I said, the trial court offered to give a couple more hours to locate the witnesses, and the state said, you know, we're not sure that we can locate them in time. And then there was the written motion for continuance. There was no discussion entertained as to how much time it would take. There was no discussion about how much time was left on the speedy trial clock. I think it's reasonable for there to have been a discussion between the state, the defense, and the trial court about how much time was needed to secure these witnesses. Consistent with the court's obligation to bring the defendant to trial within the speedy trial. So, it would have been a day-to-day. Correct, Your Honor. I mean, there are multiple court dates in the record. This case has been pending for a long period of time. The trial court, the week prior, had issued two rules to show causes on these two witnesses. The trial court went into this with eyes wide open. It was on notice that these were difficult witnesses in a difficult case, in a difficult situation. The backdrop of all this is that this is a gang's case, and that these were rival gang factions who had initiated an act of violence back in 2006. They were attempting to, you know, deal with all of this out in the street and not in the courtroom. If anything, the trial court's dismissal in this case only furthers the notion that these situations can't be handled in trial courts appropriately. And that's why, if anything, the state should be allowed to bring this case back into the trial court, to bring the defendants and bring the witnesses and bring the parties to trial in a timely manner. Or, if the state can't meet its obligations under speedy trial, then so be it. But the point is, the state has an opportunity, or at least an obligation, towards justice. And we're a party to these proceedings as well. And we have due process rights as well. If we can't effectuate justice in this case, then that's our burden. And I understand. But the point is, is that we should be afforded every full, fair opportunity to bring the defendant to justice. That's precisely what we were denied in this case. Now, this idea that we acquiesced or invited error into the proceedings fails to read the record in context. Merely saying thank you to the trial court judge is not acquiescence with the proceedings. If the trial court judge, or if any of you, or if you were all trial court judge, or I'm sorry, you were all at least in trial courts, you all know, of course. We were all barristers. You were all there. And you all know that when the trial court judge says something to you along the lines of what's about to occur, you go along with it. It's basically like an animal house. Thank you, sir. May I have another? You go along with it, but you make a record. You go along with it, but you make a record. The state did everything it could in this case. Maybe in our affiliation, or maybe other things could have been said. But the point is very clear. We attempted to bring this case to trial, and we were denied that opportunity. We asked you to reverse the trial court's order to send this case back to the trial court so that we may attempt to proceed to trial. Thank you. The case will be taken under advisement. This is the last call of the day.